UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Adam Michael Federman<br>1121 Galvin Road<br>Cornwall, Vermont 05753<br><br>*Plaintiff,*<br><br>v.<br><br>Federal Bureau of Investigation<br>935 Pennsylvania Ave, NW<br>Washington, D.C. 20535<br><br>*Defendant.* | Civil Action No. 23-cv-3752 |

## COMPLAINT

Plaintiff, Adam Michael Federman ("Plaintiff") brings this judicial review and action against Defendant, Federal Bureau of Investigation ("Defendant" or "FBI" or "Agency"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks the production of responsive records concerning the surveillance of the environmental protestors involved with the Dakota Access Pipeline. The best representation of Plaintiff's request is the properly submitted request attached to and made part of this Complaint as Exhibit 101.

3. Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to release all responsive, non-exempt records according to law.

## PARTIES

4. Plaintiff, Adam Michael Federman, is an author and investigative journalist who has written for *The Guardian*. Plaintiff made the request at issue in this judicial review on April 29, 2021.

5. Defendant, FBI, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to these requests.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question that confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

8. Plaintiff, Adam Michael Federman, is an author and an investigative journalist. For the past decade, Plaintiff has done investigative work on the surveillance of the environmental movement.

9. The purpose of requesting the records is for news gathering and journalism, and not for commercial use.

10. On April 29, 2021, Plaintiff made an online FOIA request for records from the FBI. Plaintiff made a request for all responsive records concerning "any and all correspondence or communication regarding threats to the Dakota Access Pipeline Project." The date range of the request is "2015 to the present." Exhibit 101 is the FOIA Request and Receipt and it is attached and made part of this Complaint.

11. On February 11, 2022, Defendant confirmed receipt of the FOIA request. Defendant indicated that they had "located approximately 61,982 pages of records potentially responsive to the subject of [the] request," and provided an estimated cost for processing. Exhibit 102 is the Confirmation of Receipt of Request and it is attached and made part of this Complaint.

12. On March 15, 2022, Defendant emailed Plaintiff and asked whether Plaintiff would like to reduce the scope of request. Exhibit 103 is Email Correspondence Re Scope Reduction from March 15, 2022, through March 28, 2022 and it is attached and made part of this Complaint. On March 18, 2022, Plaintiff emailed Defendant and stated that he was willing to consider reducing the scope of the request. *Id.*

13. Between March 21, 2022, and March 28, 2022, Plaintiff and Defendant negotiated narrowing the scope of the request via email. *Id.* On March 28, 2022, Plaintiff agreed to Defendant's proposed scope reduction and schedule for the request. *Id.* On March 28, 2022, Defendant confirmed that they would "move forward with the scope reduction by limiting to the main files with approximately 3,176 potentially responsive pages," and stated that the request would "move to the large track with an average time to complete of approximately 64 months." *Id.*

14. In an email, dated August 31, 2023, Plaintiff emailed Defendant and asked, "Would it be possible to speak with someone about the timeline for the processing of this

request?" Exhibit 104 is Plaintiff's August 31, 2023 Email and it is attached to an made part of this Complaint.

15. On August 31, 2023, Defendant responded that the request was "awaiting assignment," was on the "complex request large processing track," and provided an estimated completion date ("ECD") of November, 2026. Exhibit 105 is Defendant's ECD Response from August 31, 2023 and it is attached and made part of this Complaint.

16. On September 14, 2023, Plaintiff emailed Defendant and asked, "Could you please tell me if I will start receiving some of the records on a monthly basis prior to the November 2026 estimated date of completion? And if so when would production of the documents likely begin?" Exhibit 106 is Plaintiff's September 14, 2023 Email and it is attached and made part of this Complaint.

17. On September 15, 2023, Defendant responded that interim releases were generally made for complex requests but that it was unable to provide a start date for any interim releases. Exhibit 107 is Defendant's Response from September 15, 2023 and it is attached and made part of this Complaint.

18. On October 19, 2023, Plaintiff emailed Defendant and stated, "that the agency still has not provided an estimated completion date for the production of an interim release," and asked if the agency could provide a timeframe for when interim releases would begin. There was no response to this ECD demand. Exhibit 108 is Plaintiff's October 19, 2023 Email, and it is attached and made part of this Complaint.

19. More than 20 working days have elapsed since Plaintiff's request was received by Defendant.

20. To this date, the FBI has not provided Plaintiff with a start date for the release of records. No final determination has been made on Plaintiff's request and no records have been produced by Defendant to Plaintiff.

21. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

## LEGAL FRAMEWORK OF FOIA

22. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

23. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a)(4)(B).

24. Under FOIA, the federal agency has the burden to sustain its actions. *Id.*

25. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

26. Plaintiff realleges paragraphs 1 through 25 above as if fully set forth herein.

27. The request in this matter seeks the disclosure of all agency records responsive to Plaintiff's request and was properly made.

28. FBI is a federal agency subject to the FOIA.

29. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

30. FBI failed to issue a determination within the statutory deadline.

### COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

31. Plaintiff realleges paragraphs 1 through 30 above as if fully set forth herein.

32. Defendant has failed to conduct a reasonable search for records responsive to the requests.

### COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

33. Plaintiff realleges paragraphs 1 through 32 above as if fully set forth herein.

34. FBI has failed to promptly release all records, or portions of records, responsive to the Plaintiff's request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate.

Dated: December 18, 2023

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Lead attorney for Plaintiff*